**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| ROBERT HAROLD CHRISTIAN | § | CASE NO.   20-32878-H1 |
| Debtor(s) | § | Chapter 13 |

**BANKRUPTCY RULE 2016(b) DISCLOSURE AND
APPLICATION FOR APPROVAL OF FIXED FEE AGREEMENT**
(Non-Standard Case)

Susan Tran files this FED. R. BANKR. P. 2016(b) Disclosure and Application for Approval of Fixed Fee Agreement. I, as counsel for Debtor(s) in this case, represent that this is a case in which (a) the Debtor(s) is the owner of 3 or more parcels of real property valued at $50,000.00 or more each and that one or more require implementation of conduit payments or mortgage procedures; (b) the Debtor(s) the owner of a business in which (i) the gross receipts have averaged more than $10,000.00 per month in the 6 months preceding the filing of the case; (ii) trade credit is incurred in the production of income and the normal due date for the trade credit is greater than 30 days; (iii) the business has employees who are not related to the Debtor(s) within the third degree of consanguinity; or (iv) the business operates with a liquor license; or (c) in the opinion of the chapter 13 trustee, any other reason that justifies a more thorough investigation of the Debtor(s) than is reasonably possible at the 341 meeting of creditors.

1. Counsel to Debtor(s) in this case, agrees to provide the following services to the Debtor(s) on a fixed fee basis:

    A. Counsel with the Debtor(s) on an as needed basis.

    B. Prepare and file a proposed chapter 13 plan and any required amendments to the plan.

    C. Assist the Debtor(s) in preparing and filing the documents required by § 521 of the Bankruptcy Code and any required amendments.

    D. Prepare and file miscellaneous pleadings that are required to protect the Debtor(s)' interests in the case.

    E. Prepare and file any necessary Applications for Withdrawal From Savings Fund.

    F. Prepare and file any necessary Notice of Payments Due or Notice Reflecting Change from Reserves for Post-Petition Ad Valorem Taxes, Homeowners Association Fees or other Periodic Post-Petition Obligations.

    G. Prepare and file responses to pleadings filed against the Debtor(s)—even if the response is a statement that the relief is not opposed.

    H. Attend the scheduled § 341 meeting and all reset or continued meetings.

    I. Attend the confirmation hearing, if required under the circumstances, pursuant to an order entered in the chapter 13 case, or pursuant to local rules.

    J. Advise the Debtor(s) concerning their obligations and duties pursuant to the Bankruptcy Code, Bankruptcy Rules, court procedures, applicable court orders and the provisions of their chapter 13 plan.

2. The fixed fee agreement does not include the following services:

    A. Representation of the Debtor(s) in an adversary proceeding, either as a plaintiff or a defendant.

    B. Representation of the Debtor(s) in a contested matter, the subject of which is extraordinary in the context of chapter 13 cases in the United States Bankruptcy Court for the Southern District of Texas.

    C. Representation of the Debtor(s) in any matter in which the Court orders fee shifting pursuant to which fees are to be paid by a person other than the Debtor(s).

3. Counsel agrees to the following fees and reimbursements:

    A. I have agreed to a fixed fee (including all expenses except reimbursement of the filing fee) in the amount of $5,600.00. I have received $4,000.00 for representing the Debtor(s) in this case. Therefore the balance due from the trustee as an administrative expense is $1,600.00. I agree that if the case is dismissed before the plan is confirmed or less than 120 days after confirmation, the maximum fee under this provision will be $5,100.00

    B. I have advanced the filing fee of $0.00. Therefore, in addition to the amounts set forth above, the trustee shall reimburse to me that sum as an administrative expense of the estate.

    C. I will provide those services required after the Debtor(s) make the final payment required under the chapter 13 plan to assist the Debtor(s) in obtaining a chapter 13 discharge. There will be no additional charge imposed for this service, unless the service required to obtain the chapter 13 discharge is extraordinary, in which event I may apply for additional fees.

4. The following services will also be provided, if needed, on a fixed fee basis [check applicable boxes]. Payment may be made directly by the Debtor(s) or through the confirmed plan:

    A. [X]. Motions for relief from the stay for which the first hearing date is more than 120 days following the entry of an order of confirmation and which are resolved by agreement. The fixed fee is in the amount of $425.00.

    B. [X]. Motions filed by the chapter 13 trustee seeking dismissal of the case, for which the first hearing date is more than 120 days following the entry of an order of confirmation, and for which there is an agreement or no opposition. The fixed fee is in the amount of $275.00.

    C. [X]. Debtor(s)' motion to modify plan for which the first hearing date is more than 120 days following the entry of an order of confirmation. The fixed fee is in the

    amount of $800.00, plus the actual out-of-pocket postage costs for service of the motion to modify the plan.

   D. [X]. Review of a notice filed pursuant to FED. R. BANKR. P. 3002.1(b) or (c) which is filed more than 120 days following the entry of an order of confirmation. The fixed fee is in the amount of $300.00.

   E. [X]. Debtor(s)' motion to sell, refinance or incur debt regarding real property. The fixed fee is in the amount of $600.00, plus the actual out-of-pocket postage costs for service of the motion.

   F. [X]. Debtor(s)' surrender notice per paragraph 20 of the uniform plan. The fixed fee is in the amount of $300.00, plus the actual out-of-pocket postage costs for service of the notice.

   G. [X]. Debtor(s)' transfer of real property in satisfaction of secured claim per paragraph 14 of the uniform plan. The fixed fee is in the amount of $500.00, plus the actual out-of-pocket: (i) postage costs for service of the required notice, (ii) cost for certified copies; (iii) cost to file plan and order in the appropriate county; and (iv) title/lien search fee, if any.

   H. Any legal services rendered that are not covered by an agreed fixed fee in paragraphs (A)-(G) above may be provided on an hourly fee basis at a rate not to exceed $250.00. All hourly fees are subject to approval by the Bankruptcy Court after the filing and service of a proper fee application.

5. The Debtor(s) certify that the Debtor(s) have had to opportunity to read and review the above fee agreement and agree to:

   A. Provide their Counsel with accurate financial information concerning their assets, liabilities, income and expenses.

   B. Discuss with their Counsel the Debtor(s)' objectives in filing the case.

   C. Keep their Counsel informed of the Debtor(s)' contact information, including physical and mailing address, phone number(s), and email, if applicable.

   D. Inform their Counsel of wage garnishments, lawsuits, or attachments that occur after the commencement of the case.

   E. Inform their Counsel promptly of any change in their financial circumstances, including any change in wages/salary or change in employer.

   F. Inform their Counsel if they wish to buy, sell, or refinance any loan during the case.

6. The Debtor(s) have reviewed the foregoing with counsel and understand their responsibilities and the fees agreed to be paid.

7. The Debtor(s) did not have access to video chat via FaceTime or Skype, so debtors held a teleconference with the undersigned attorney (or another attorney supervised by the undersigned and who

is licensed to practice law) for not less than 1 hour. The Debtor(s) understand that time spent exclusively with a paralegal or other person not licensed to practice law may not be included in the 1 hour.

8. Counsel certifies:

   A. The foregoing is a true and correct statement of the compensation that I have been paid or that has been agreed to be paid to me.

   B. I (or another attorney supervised by me and who is licensed to practice law) held a teleconference with the Debtor(s) for not less than 1 hour. I understand that time spent exclusively with a paralegal or other person not licensed to practice law may not be included in the 1 hour.

   C. I have not shared or agreed to share any of the compensation paid or to be paid. The following sets forth all of the compensation that is being paid by any person or entity other than the Debtor(s). Describe:
   _____
   _____
   _____
   _____.

Date: 6/1/2020            /s/ Robert Harold Christian
                          Robert Harold Christian, Debtor

Dated: 6/1/2020           /s/Susan Tran_____
                          Susan Tran, Counsel to the Debtor(s)

4